| 88 | 215 |
| 120 | 629 |

## J. P. KETCHUM & BROTHER, Appellant, v. BERNARD LARKIN, Appellee.

1. **Excessive Verdict:** JUDGMENT NOTWITHSTANDING REMITTITUR: APPEAL. Where a verdict is clearly excessive, and the plaintiff files a *remittitur* of the excess, but the court renders judgment for the full amount, such judgment will not be reversed on appeal, unless it appears that the attention of the trial court was called to the fact that a *remittitur* was filed.

2. **Sale:** RESCISSION: AUTHORITY OF PARTNER AFTER DISSOLUTION. The defendant purchased a cornsheller of A. & Co., a partnership composed of A. and the plaintiff firm. It was understood at the time that the firm of A. & Co. would soon be dissolved, and that H. and A. would at once organize a new firm, which they did. It was also understood that the firm of H. & A. should furnish the defendant with corn to shell at a certain rate, sufficient to pay the notes given for the sheller as they should fall due, but the firm of H. & A. failed to do this, and A. afterwards authorized the defendant to return the machine, which he did. In an action by the plaintiff firm on the notes given for the sheller, *held*, that the agreement that H. & A. should furnish the defendant corn to shell was a part of the agreement of sale, and that, though the firm of A. & Co. was dissolved, it still existed for the purpose of closing up its business, and that A. was not without authority to direct the return of the machine, thus rescinding the contract of sale.

*Appeal from Iowa District Court.*—HON. S. H. FAIRALL, Judge.

WEDNESDAY, MAY 17, 1893.

ACTION on two promissory notes. From a verdict and judgment for the defendant, the plaintiff appeals. —*Modified and affirmed.*

*Hedges & Rumple,* for appellant.

*Ranck & Wade,* for appellee.

KINNE, J.—The plaintiff sues on two promissory notes. The defendant admits the execution of the notes, and denies that there is anything due thereon; avers that said notes, with another, were given for a cornsheller purchased by the defendant; that the sum represented by all three of said notes was agreed upon as the purchase price of said sheller, and upon the further consideration that the firm of Harris & Anderson should furnish the defendant corn to shell, sufficient each year to pay the amount due upon each note; that the defendant, as a part of said contract, was to receive the sum of two cents per bushel for shelling said corn, and that all of the same was a part of the contract of purchase, and part of the consideration for said notes, and that the plaintiff, as a party to such contract, consented thereto, and accepted the notes upon said condition. It was further agreed that said firm of Harris & Anderson should deduct from the amount of shelling done by the defendant the amount due the plaintiff on the notes. Under said contract, the defendant, about December 18, 1889, as ordered by Harris & Anderson, went to Parnell to shell, and was then instructed to wait until after the holidays, which he did. The defendant, at all times until February 6, 1889, offered to comply with his contract, but was refused an opportunity of shelling at the price agreed upon. The plaintiff failed to comply with its contract, and on February 4, by its agent, ordered the defendant to return the sheller, which he did, and rescinded the sale, and demanded his notes. The defendant also pleads three counterclaims, the first based upon the facts above stated; the second being a claim on the attachment bond for damages for the wrongful suing out of the attachment; and the third demanding that the third note be delivered up and canceled. The plaintiffs, replying, admit that the three notes constituted the consideration for the sheller,

and deny all other allegations in the answer not expressly admitted. They deny all the allegations of the defendant's first counterclaim, and all the allegations of the second counterclaim, except as to the bringing suit by attachment, filing the bond, and the issuing and levy of the writ; and, as to the third counterclaim, they admit that they have possession of the third note, and deny all other allegations.

I. It is said that the amount of damages awarded by the jury is excessive. The jury were instructed by the court that, if they found that the writ of attachment was wrongfully sued out, the defendant would be entitled to recover nominal damages, such as one dollar or one cent, and in such case any actual damages which he had suffered by the wrongful suing out of the writ, which should be confined to the reasonable value of the time and money necessarily expended in procuring a bond for the release of the attached property. The jury returned a verdict of seventy dollars, though the actual damages shown were but twelve dollars. After the coming in of the verdict, the defendant filed a *remittitur* of all of it, except twelve dollars. The court, through oversight no doubt, failed to reduce the verdict, and rendered judgment for the full amount. While the court's attention was called, in the motion for a new trial, to the claim that the damages were excessive and contrary to the instruction of the court, still it does not appear that the fact that a *remittitur* had been filed was brought to the notice of the court. It seems certain, if it had been, there would have been no such error committed. We do not feel called upon to reverse the case upon a ground not called more particularly to the attention of the trial court. Code, section 3168.

1. **EXCESSIVE verdict: judgment notwithstanding remittitur: appeal.**

II. It is urged that the verdict and findings of the jury are not sufficiently supported by the evidence. The

**2. SALE: rescis-**
**sion: authority**
**of partner af-**
**ter dissolu-**
**tion.**

plaintiff's contention, in this respect, is, in part, based upon the claim that the sale of the sheller, and the agreement to furnish corn to shell, were separate transactions, had with different firms, and that the defendant's remedy for the failure of Harris & Anderson to furnish the corn to shell was to bring an action against them for the recovery of damages. It is insisted that the latter firm had no authority to order the sheller returned, and that the defendant could not rescind the contract. We can not enter into a detailed discussion of the evidence, but a careful reading of it establishes the claim of the defendant. The contract was an entirety. It was made, as claimed, between the plaintiffs, Harris & Anderson, and the defendant. The sheller was the property of Anderson & Company, a firm composed of J. P. Ketchum & Brother and Anderson, and, while this firm was in existence, the trade with the defendant was consummated. At this time it was understood that the firm of Anderson & Company would soon dissolve, and Anderson and one Harris would at once form a new firm, which they did. There is no question of Anderson's right to order the sheller returned. He was a member of the firm who sold it. Though that firm was dissolved, it still existed for the purpose of closing up its business. It might well be said that the defendant could not rescind this contract, after using and keeping the machine as he did, were it not for the fact that one of the partners directed him to return the machine.

IV. Complaint is made that the court erred in giving certain instructions, and that the instructions are conflicting, and that the jury were not sufficiently instructed as to all the issues in the case. The third instruction asked by the defendant, and given, was erroneous; but in view of other instructions given and the findings of the jury, the plaintiff was not prejudiced. While it would have been better if the court

had more fully instructed the jury touching the relation of the parties to the contract in so far as it provided for shelling the corn, and the effect of acts of the parties thereunder, still, in view of all the instructions given, we are satisfied that no prejudice resulted to the plaintiffs.

V.   As the verdict and judgment were excessive to the extent of fifty-eight dollars, it is ordered that the judgment below be reduced to the sum of twelve dollars and, as thus modified, it be AFFIRMED.